2024 IL App (2d) 230427-U
No. 2-23-0427
Order filed January 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2134 |
| KENNISHA L. PENDLETON, | ) ) | Honorable Julia A. Yetter, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Justices Hutchinson and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err in denying defendant pretrial release.

¶ 2    Defendant, Kennisha L. Pendleton, appeals from the denial of her pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on her notice of appeal. For the following reasons, we affirm.

¶ 3    Defendant was arrested in the evening of October 6, 2023. On October 7, 2023, she initially appeared before the trial court and was charged by complaint with three counts: (1) unlawful use or possession of a firearm by a felon (720 ILCS 5/24-1.1(a) (West 2022) (Class 3 felony)); (2) reckless discharge of a firearm (*id.* § 24-1.5(a) (Class 4 felony)) in that she discharged a firearm during rush hour traffic in an area known to be heavily populated by pedestrians; and (3) aggravated assault of a peace officer (*id.* § 12-2(b)(4.1) (Class 4 felony)) in that she attempted to kick a police officer.

¶ 4    That same day, the State filed its verified petition to deny defendant pretrial release. The State's petition listed defendant's criminal history: seven convictions between 2008 and 2018 for offenses including battery (bodily harm), aggravated battery, and aggravated battery of a peace officer, and several delinquency adjudications between 2005 and 2007.

¶ 5    On October 8, 2023, the trial court heard the State's petition and denied defendant pretrial release. In reaching its decision, the court relied on the police department's factual synopsis, which was attached as an exhibit to the State's verified petition.

¶ 6    The synopsis provided as follows. Around 5 p.m. on October 6, 2023, dispatch received a 911 call from Wenceslao Miranda, describing shots fired at him from a red vehicle driven by a black female. Officers stopped the vehicle and identified the driver as defendant, who was the sole occupant of the vehicle, and detained her. Officers recovered a loaded revolver from defendant's vehicle. The revolver contained four live rounds and one spent casing. Ten additional live rounds were located inside the vehicle. Defendant, a convicted felon, did not possess a FOID card or a concealed carry license.

¶ 7    Miranda told officers that he had cut defendant off after driving behind her, after which defendant drove next to his vehicle and waived a pistol at him. While driving away from defendant,

Miranda heard one loud bang that he believed to be a gun shot, although he did not see defendant point or fire the gun at him. This occurred during rush hour traffic in a heavily populated residential area (near N. Randall Road and W. Indian Terrace in Aurora). At a show up, Miranda identified defendant as the driver of the red vehicle. During the show up, an officer requested that defendant stand upright, and she attempted to kick the officer.

¶ 8    The trial court found that the proof was evident that defendant committed a detainable offense, that she posed a real and present threat to the safety of the community, and that no conditions could mitigate that threat. It entered a written order the same day. In its written order, the court cited defendant's lengthy history of crimes and violence, the circumstances outlined in the synopsis, including that she discharged a firearm in public. The court additionally noted defendant's inability to control herself in court, as she had repeatedly interrupted the hearing.

¶ 9    Defendant timely appealed. In defendant's notice of appeal, she raises three grounds for relief. First, she argues that the State failed to prove that she committed the offenses charged because the only evidence presented was the police synopsis and a hearsay statement by Miranda and it was not evident from the synopsis that she owned the vehicle or knew about the firearm and ammunition inside the vehicle. Second, she argues that the State failed to prove that she posed a real and present threat to the safety of the community, describing the evidence as too circumstantial. Third, she argues that the State failed to prove that no conditions could mitigate defendant's threat to the safety of the community. She asserts that she had known mental health issues and was without medication at the time of the alleged offense, and she contends that ordering her to stay compliant with mental health treatment would mitigate her risk of engaging in dangerous behavior on release.

¶ 10    Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, a defendant's pretrial release may be denied only for certain charged offenses. *Id.* §§ 110-2(a), 110-6.1. Here, defendant was charged with qualifying offenses. See *id.* § 110-6.1(a)(6)(C), (O) (reckless discharge of a firearm and unlawful use or possession of weapons by felons).

¶ 11    To deny a defendant pretrial release, the trial court must find that the State proved the following by clear and convincing evidence: (1) the proof was evident or the presumption great that defendant committed a detainable offense (*id.* § 110-6.1(e)(1)); (2) defendant's pretrial release posed a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)); and (3) no condition or combination of conditions could mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 12    Here, the trial court's findings were not against the manifest weight of the evidence and its decision to detain defendant was not an abuse of discretion. The State's proffer clearly supported that defendant committed the charged offenses of reckless discharge of a weapon and unlawful possession of a firearm by a felon. Defendant is a convicted felon, and officers recovered a loaded revolver with a spent casing from her vehicle. When officers arrested defendant, she was the sole occupant of the vehicle. Miranda identified defendant as the driver, and he described defendant brandishing the gun at him and hearing a loud bang as he drove away from her. Furthermore, it

was proper for the State to offer the factual synopsis and Miranda's statements because, at a hearing on the State's petition to deny pretrial release, the State may present evidence by way of proffer based on reliable information. 725 ILCS 5/110-6.1(f)(2) (West 2022).

¶ 13    Second, the record supported the trial court's finding of defendant's real and present threat to the safety of the community. Several section 110-6.1(g) factors were present: the offense involved the discharge of a weapon in public (*id.* § 110-6.1(g)(1)); defendant had a lengthy prior history indicative of violent, abusive, or assaultive behavior (*id.* § 110-6.1(g)(2)(A)), including prior convictions for aggravated battery and aggravated battery to a peace officer; and defendant was charged with unlawful possession of firearm (*id.* § 110-6.1(g)(7)). The specific, articulable facts of this case, including the discharge of a firearm in an apparent road rage incident involving a complete stranger near a busy intersection, constituted clear and convincing evidence that defendant poses a real and present danger to the community.

¶ 14    Last, the evidence supported that no set of conditions could mitigate the threat defendant posed. Although defendant claims she has mental health issues and was off her medications at the time of the incident, the record does not show what those conditions were, how they contributed to her actions, or how they would successfully be treated. What the record does show is a criminal history replete with batteries, aggravated and causing bodily harm, throughout her adult life. Furthermore, the circumstances of this case, where defendant discharged a firearm at a fellow motorist who simply cut her off, demonstrates that less restrictive conditions would not safeguard other members of the public.

¶ 15    In sum, defendant's arguments are completely without merit. Accordingly, we hold that the trial court did not err in denying defendant pretrial release, and we affirm the judgment of the Kane County circuit court.

¶ 16    Affirmed.